ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
California Bar No. 149883
Assistant United States Attorney
Chief, Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6166
    Facsimile:  (213) 894-7177
    E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CV 09-1887 DOC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CONSENT JUDGMENT OF FORFEITURE** |
| | ) | **AS TO CLAIMANT VICTOR LEE** |
| ASSORTED FIREARMS, | ) | **KOVNER, III ONLY** |
| MOTORCYCLES AND OTHER | ) | |
| PERSONAL PROPERTY, | ) | |
| | ) | **[NOTE: THIS ORDER RESOLVES THE** |
| Defendants. | ) | **CLAIM OF ONE CLAIMANT, BUT IS** |
| | ) | **NOT DISPOSITIVE OF THE CASE]** |
| _____ | ) | |
| | ) | |
| VICTOR LEE KOVNER, III, | ) | |
| | ) | |
| Claimant. | ) | |
| _____ | ) | |

    Plaintiff and Claimant Victor Lee Kovner, III ("Claimant") have made a stipulated request for the entry of this Consent Judgment, resolving the claim of Claimant in this action in its entirety.

1    Claimant filed a timely claim to the following defendant
2 assets:  One Custom Motorcycle, VIN AZ-260796 (09-ATF-000138);
3 and One 2004 Harley Davidson motorcycle, VIN 1HD1GJV344K319239
4 (09-ATF-000145).  Claimant did not file a claim to any of the
5 defendant assets other than those listed, and no other claimants
6 have filed claims to the defendant assets listed above.  The time
7 for filing claims and answers has expired.  No other person is
8 believed to have any claim to the defendant assets.
9    The Court, having considered the stipulation of the parties,
10 and good cause appearing therefor, **HEREBY ORDERS, ADJUDGES AND**
11 **DECREES**:
12    1.  The government has given and published notice of this
13 action as required by law, including Supplemental Rule G for
14 Admiralty or Maritime Claims and Asset Forfeiture Actions,
15 Federal Rules of Civil Procedure, and the Local Rules of this
16 Court.  No claims or answers have been filed to contest the
17 forfeiture of the defendant assets other than that filed by
18 Claimant, and the time for filing claims and answers has expired.
19  This Court has jurisdiction over the parties to this judgment
20 and the defendant assets described herein.  Any potential
21 claimants to the defendant assets described herein other than
22 Claimant are deemed to have admitted the allegations of the first
23 amended complaint with respect to these assets.
24    2.  The defendant One Custom Motorcycle, VIN AZ-260796 (09-
25 ATF-000138) shall be returned to Claimant through his counsel.
26 The United States Marshals Service ("USMS") shall make the
27 defendant motorcycle available to Claimant in the Central
28

district of California not later than 30 days after the entry of this Consent Judgment.

3. The government shall have judgment against the interests of Claimants (and any potential claimants) as to the remaining listed defendant asset (One 2004 Harley Davidson motorcycle, VIN 1HD1GJV344K319239 (09-ATF-000145)), which is hereby forfeited and condemned to the United States, and no other right, title or interest shall exist therein. The government shall dispose of the forfeited motorcycle according to law.

4. Claimant has agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant assets and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees or costs which may be asserted on behalf of Claimant against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.

5. The court finds that there was reasonable cause for the seizure of the defendant assets and the institution of this action as to the defendant assets. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant assets.

/ / /

6. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant assets.

DATED: May 14, 2012

*David O. Carter*
_____
THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Prepared by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

 /s/ Steven R. Welk
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section