```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  California Bar No. 149883
    Assistant United States Attorney
 5  Chief, Asset Forfeiture Section
         Federal Courthouse, 14th Floor
 6       312 North Spring Street
         Los Angeles, California 90012
 7       Telephone:  (213) 894-6166
         Facsimile:  (213) 894-7177
 8       E-mail: Steven.Welk@usdoj.gov

 9  Attorneys for Plaintiff
    United States of America
10
```

11                  UNITED STATES DISTRICT COURT

12              FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                       WESTERN DIVISION

| | | |
|---|---|---|
| 14 | UNITED STATES OF AMERICA, ) | NO.  CV 09-1887 DOC (JCx) |
| 15 | Plaintiff, ) | |
| 16 | v. ) | **CONSENT JUDGMENT OF FORFEITURE AS TO CLAIMANT KEVIN THOMAS** |
| 17 | ASSORTED FIREARMS, ) MOTORCYCLES AND OTHER ) | **ONLY** |
| 18 | PERSONAL PROPERTY, ) | |
| 19 | Defendants. ) | **[NOTE: THIS ORDER RESOLVES THE CLAIM OF ONE CLAIMANT, BUT IS NOT DISPOSITIVE OF THE CASE]** |
| 20 | KEVIN THOMAS, ) | |
| 21 | Claimant. ) | |

23       Plaintiff and Claimant Kevin Thomas ("Claimant") have made a

24  stipulated request for the entry of this Consent Judgment,

25  resolving the claim of Claimant in this action in its entirety.

26  / / /

27  / / /

28

Claimant filed a timely claim to the following defendant assets:

1. one 2004 Road Glide Motorcycle, VIN 1HD1FSW384Y608290 (09-ATF-000128);

2. one Marlin Firearms Co., Cal 30-30 336 Rifle, Serial No. AC25059 (09-ATF-000861);

3. one Winchester Cal 30-30 94 Rifle, Serial No. 2950388 (09-ATF-000862);

4. one Fabrica De Material De Guerra Cal Rifle, Serial No. 78418 (09-ATF-000863);

5. one Chinese Cal Rifle, Serial No. 37-4458 (09-ATF-000864);

6. one Remington Arms Company, Inc., Cal 12 3200 Shotgun (09-ATF-000865);

7. one Mossberg, Cal 410 183DE Rifle (09-ATF-000866);

8. one Winchester, Cal 12 Model Shotgun, Serial No. 1921307 (09-ATF-000867);

9. one FN (FN Herstal), Cal 12 Shotgun, Serial No. 20411 (09-ATF-000868);

10. one Remington Arms Company, Inc., Cal 12 110 Shotgun, Serial No. L110829V (09-ATF-000869);

11. one Winchester, Cal 12 912 Shotgun, Serial No. 203222 (09-ATF-000870);

12. one Colt, Cal 380 Mustang Pistol, Serial No. MU21113 (09-ATF-000871);

13. one Ruger, Cal 380 1918 Pistol, Serial No. 9626T (09-ATF-000872);

1       14.   one Mauser, Cal. 9 Handgun (09-ATF-000873);

2       15.   one Smith and Wesson, Cal. 38 36 Revolver, Serial No. 3982 (09-ATF-000874);

4       16.   one Rohm, Cal. 22 66 Revolver, Serial No. IB20513 (09-ATF-000875);

6       17.   one Smith and Wesson, Cal. 38 642-2 Revolver, Serial No. CHZ5982 (09-ATF-000876); and

8       18.   one Marlin Firearms Co., Cal. 22 39-A Rifle, Serial No. C16731 (09-ATF-000877).

Claimant did not file a claim to any of the defendant assets other than those listed, and no other claimants have filed claims to the defendant assets listed above.  The time for filing claims and answers has expired.  No other person is believed to have any claim to the defendant assets.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS, ADJUDGES AND DECREES**:

1.  The government has given and published notice of this action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.  No claims or answers have been filed to contest the forfeiture of the defendant assets other than that filed by Claimant, and the time for filing claims and answers has expired.  This Court has jurisdiction over the parties to this judgment and the defendant assets described herein.  Any potential claimants to the defendant assets described herein other than Claimant are

1
2  deemed to have admitted the allegations of the first amended
3  complaint with respect to these assets.
4      2.  The following defendants shall be returned to Claimant
5  through his counsel: one 2004 Road Glide Motorcycle, VIN
6  1HD1FSW384Y608290 (09-ATF-000128); one Marlin Firearms Co., Cal
7  30-30 336 Rifle, Serial No. AC25059 (09-ATF-000861); one
8  Winchester Cal 30-30 94 Rifle, Serial No. 2950388 (09-ATF-
9  000862); one Fabrica De Material De Guerra Cal Rifle, Serial No.
10 78418 (09-ATF-000863); one Chinese Cal Rifle, Serial No. 37-4458
11 (09-ATF-000864); one Remington Arms Company, Inc., Cal 12 3200
12 Shotgun (09-ATF-000865); one Mossberg, Cal 410 183DE Rifle (09-
13 ATF-000866); one Winchester, Cal 12 Model Shotgun, Serial No.
14 1921307 (09-ATF-000867); one FN (FN Herstal), Cal 12 Shotgun,
15 Serial No. 20411 (09-ATF-000868); one Remington Arms Company,
16 Inc., Cal 12 110 Shotgun, Serial No. L110829V (09-ATF-000869);
17 one Winchester, Cal 12 912 Shotgun, Serial No. 203222 (09-ATF-
18 000870); one Ruger, Cal 380 1918 Pistol, Serial No. 9626T (09-
19 ATF-000872); one Mauser, Cal. 9 Handgun (09-ATF-000873); one
20 Rohm, Cal. 22 66 Revolver, Serial No. IB20513 (09-ATF-000875);
21 and one Marlin Firearms Co., Cal. 22 39-A Rifle, Serial No.
22 C16731 (09-ATF-000877)..  The United States Marshals Service
23 ("USMS") shall make the defendant assets available to Claimant in
24 the Central District of California not later than 60 days after
25 the entry of this Consent Judgment.
26
27
28

1     3.   The government shall have judgment against the interests of Claimant (and any potential claimants) as to the remaining listed defendant assets, to wit: one Colt, Cal 380 Mustang Pistol, Serial No. MU21113 (09-ATF-000871); one Smith and Wesson, Cal. 38 36 Revolver, Serial No. 3982 (09-ATF-000874); and one Smith and Wesson, Cal. 38 642-2 Revolver, Serial No. CHZ5982 (09-ATF-000876).  Said assets are hereby forfeited and condemned to the United States, and no other right, title or interest shall exist therein.  The government shall dispose of the forfeited assets according to law.

     4.   Claimant has agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant assets and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees or costs which may be asserted on behalf of Claimant against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.

     5.   The court finds that there was reasonable cause for the seizure of the defendant assets and the institution of this action as to the defendant assets.  This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant assets.

/ / /

1    6.  Each of the parties shall bear its own fees and costs in
2 connection with the seizure, retention and return of the
3 defendant assets.

DATED: August 31, 2012

_David O. Carter_
THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Prepared by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


 /S/ Steven R. Welk
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

6